IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FAYE GROOM, et al.,

    Plaintiffs,
v.                                                             CASE NO. 1:04-cv-00408-MP-AK

FRESENIUS MEDICAL CARE NORTH AMERICA INC,

    Defendant.
_____/

## **O R D E R**

This matter is before the Court on Doc. 144, a motion for reconsideration of a portion of the order on summary judgment; various motions in limine (docs. 169, 171, 172,and 173), a motion to strike an expert witness (doc. 168), a motion to compel deposition answers (doc. 170) and various motions to extend deadlines, including the January 22, 2008, trial deadline. (docs. 129, 154 and 167).  As discussed more fully below, the motion to reconsider, doc. 144, is denied based on a recent Florida Supreme Court case.  Also, the pending motions in limine, motions to strike and motion to compel shall be set for hearing in early January.  Finally, the motions to extend time are granted to the extent that the January 22, 2008 trial is continued, and the various deadlines shall be determined at the January hearing discussed above.

The motion to reconsider, doc. 144, involves the application of the Florida physical impact rule to the Plaintiffs' claims of negligent hiring, retention and supervision.  Previously, the Court denied summary judgment in favor of Fresenius on Plaintiffs' negligent hiring, retention & supervision claims.  The Court reasoned that "the underlying wrongs committed by Mr. Rhodes are ones that are recognized as torts under Florida law," and thus concluded that Plaintiffs need not prove they suffered physical injury. Doc. 141, pp 9-10.  Fresenius moved to

reconsider, however, pointing out that the remaining Plaintiffs only seek damages for emotional distress in connection with their negligent hiring, negligent retention, and negligent supervision claims. Thus, Defendant argued, Plaintiffs must still satisfy Florida's impact rule and prove that they suffered physical injury sustained by physical impact in order to recover damages for emotional distress. According to Fresenius, Plaintiffs do not allege that they suffered any physical injury as a result of the campaign of sexual battery and harassment attributed to Van Rhodes. Thus, Fresenius concludes, Plaintiffs' claims would be barred under Florida's impact rule.

Recently, however, the Florida Supreme Court decided Willis v. Gami Golden Glades, LLC, 967 So.2d 846 (Fla.,2007), in which the Court definitively ruled that only a physical impact, and not a physical injury, is required in a case like the instant case. The Supreme Court stated:

> The impact rule is the rule of law followed in Florida applicable to cases in which the plaintiff claims mental or emotional damages but has not sustained any physical impact or contact, unless the claim falls within one of the recognized exceptions to the rule. When an impact or touching has occurred the rule has no application.
>
> We have previously stated that for a plaintiff to have endured an impact or contact sufficient to render an action sustainable the "plaintiff may meet rather slight requirements." Zell v. Meek, 665 So. 2d 1048, 1050 n.1 (Fla. 1995). In so holding, we approved the Third District's statement of the impact requirement in Eagle-Picher Industries, Inc. v. Cox, 481 So. 2d 517 (Fla. 3d DCA 1985):
>
>> The essence of impact, then, it seems, is that the outside force or substance, no matter how large or small, visible or invisible, and no matter that the effects are not immediately deleterious, touch or enter into the plaintiff's body.

Id. at 527, quoted with approval in Zell, 665 So. 2d at 1050 n.1.

As noted in the Order granting summary judgment, doc. 141, evidence of the following physical

impacts has been offered in the instant case:

> The plaintiffs in this case have offered evidence that Mr. Rhodes, without consent, groped their breasts, unhooked their bras, pressed his genitals against them in a state of arousal, poked their genital region with a stick, rested his testicles on the immobilized arms of dialysis patients.

Doc. 141, p. 3.  In <u>Willis</u>, the touching was considerably less extensive, yet the Court found the requisite physical impact:

> The deposition testimony of Mrs. Willis establishes that her assailant actually made contact with her left temple with his gun, and that the assailant also made actual physical contact with Mrs. Willis when he demanded that she lift her shirt and he then proceeded to touch her body in an apparent search for money or other belongings. Given our statements in Zell as to what constitutes sufficient physical contact to qualify as an "impact" for purposes of maintaining an action for emotional distress, we hold that the Willises' claim more than satisfies that definition.

<u>Willis</u>, 967 So. 2d at 850-51.  Thus, under the logic of the <u>Willis</u> and <u>Zell</u> opinions, the Plaintiffs' claims in this case more than satisfy the definition of what constitutes physical contact to qualify as an impact for purposes of claiming purely emotional damages.  Accordingly, it is hereby

    **ORDERED AND ADJUDGED:**

1. The motion to reconsider, doc. 144, is denied.

2. The clerk is directed to set the following motions for oral argument in early January: The motions in limine (docs. 169, 171, 172,and 173), the motion to strike an expert witness (doc. 168), and the motion to compel deposition answers (doc. 170).

3. The motions to extend deadlines (docs. 129, 154 and 167) are granted to the extent that the January 22, 2008, trial deadline is hereby continued. The motions are denied as moot for all other respects, in that the question of deadlines will be addressed at the hearing set pursuant to item 2 above.

**DONE AND ORDERED** this _28th_ day of December, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge