IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FAYE GROOM,
BETH ANN LEVY,
JENNIFER PRANCE,
ANDREA WHITE,

    Plaintiffs,

v.    CASE NO. 1:04-cv-00408-MP-AK

FRESENIUS MEDICAL CARE
NORTH AMERICA INC,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 232, Motion to Reconsider, and Doc. 241, Motion to Strike Two Exhibits.  A status conference was also held on Monday, July 21, 2008.  In a previous order, doc. 226, the Court addressed various motions in limine, including one relating to injunction proceedings against Mr. Van Rhodes – which occurred after Mr. Van Rhodes had left employment of defendant Fresenius.

In opposition to the motions in limine, Plaintiffs originally argued as follows:

> Evidence of the injunction proceedings against Van Rhodes by the Plaintiffs infers that Van Rhodes did, indeed, commit the acts that were alleged in the Title VII claim, and also goes to the issue of the negligent hiring, supervision, and retention claims. The probative value outweighs any prejudicial impact. The issue posed by the injunction against repeat violence is the necessary determination that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive

Doc. 216, pp. 4-5.  The court rejected this argument, stating, "using the outcome of a legal proceeding which addressed the potential danger at a different time period than the one involved in the current case is not a proper way to prove the facts of the  instant case.  Evidence

from the injunction proceedings is therefore excluded." Doc. 226, p. 2. Now, the Plaintiffs add several new arguments:

> Van Rhodes pled the Fifth Amendment when questioned on direct examination at the Florida Circuit Court injunction proceedings. (Exhibit "A"). During his deposition, Mr. Van Rhodes denied the allegations of sexual harassment. (Exhibit "B"). The Plaintiffs in the above styled case sued Van Rhodes for the tort of battery in state court. Yet in the settlement of the state court case, Van Rhodes submitted letters of apology to the Plaintiffs admitting the sexual harassment both verbal and physical. (Exhibit "C") The testimony of the injunction proceedings against Van Rhodes tends to the issue of the credibility of Van Rhodes.

Doc. 232, pp. 1-2. The Defendant wrongly argues that this motion to reconsider merely reasserts the same arguments as the initial motion. The Court disagrees and holds that the evidence of the varying statements made by Mr. Van Rhodes are relevant to Mr. Van Rhodes' credibility. Therefore, they will not be excluded under Fed. R. Evid. 402. The Court will consider any other attacks on its admissibility at the time the plaintiffs attempt to enter the evidence.

Also, the Plaintiffs seek to have the Court reconsider whether evidence about who paid Ted Curtis to represent Mr. Van Rhodes. In the original response, the plaintiffs argued:

> This evidence goes to the perceived liability of Fresenius in that its efforts to protect a former employee, Van Rhodes, was an attempt to defend itself from a lawsuit. The probative value of the extrinsic evidence far outweighs the danger of undue prejudice in the instant case.

Doc. 216, p. 5. The Court rejected this argument, stating,

> In other words, Plaintiffs argue that this shows that Fresenius perceived that it might be liable and so it paid to defend Mr. Van Rhodes. This, according to Plaintiffs, makes it more likely that Fresenius actually was liable. This putative relevance is too thin to justify the intrusion into the attorney-client privilege and possible prejudicial effect of the evidence. Accordingly, the motion in limine is granted with regard to this evidence.

Doc. 226, p. 3. In the Motion for Reconsideration, however:

*Case No: 1:04-cv-00408-MP-AK*

>   In addition, evidence concerning the identity of the individual or entity who paid for any attorney's fees incurred by Van Rhodes in the injunction proceedings is not  governed by the attorney-client privileged because no attorney-client privilege existed  between Defendant, FRESENIUS MEDICAL CARE HOLDINGS, and Ted Curtis, the  attorney who defended Van Rhodes in the injunction proceedings. To exclude this  information would be a manifest injustice to the Plaintiffs.

Doc. 232, p. 2.  The Court still concludes that the dubious relevance of this evidence does not support the intrusion into the attorney-client relationship between Mr. Rhodes and Mr. Curtis.  The fact that Mr. Curtis and Fresenius were not in an attorney-client relationship is not the relevant issue.

Additionally, the Plaintiffs, in doc. 241,  move to strike two exhibits, #63 and #73.  The Plaintiffs complain that they did not receive these in the original exhibits exchanged April 8, 2008.  Later on July 11, 2008, Plaintiffs' counsel contacted Defendant's counsel to inform them that both exhibits were missing.  On July 16, 2008, Defendant's counsel provided #63, but did not provide #73.  According to Plaintiffs' counsel, however, the Defendant indicated that #73 has been withdrawn.  Thus the Motion to strike with regard to #73 is denied as moot.  Also, the Court declines to strike #63, given the quick response by the Defendant in providing the exhibit once it was discovered as missing and considering the fact that the Plaintiffs have been given an extra week to consider the exhibit because of the continuance of the trial.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

>   The motion for reconsideration (doc. 232) is granted in part and denied in part.  The motion to strike, doc. 241, is denied, but Exhibit 73 is considered withdrawn by the Defendant.

>   As stated during the teleconference on Monday, July 21, 2008, this matter is transferred to Chief Judge Robert Hinkle for trial starting the week of Monday, July 28, 2008.  A

final pretrial conference will be held on Thursday, July 24, 2008, at 9:00 a.m. in Gainesville, Florida.

**DONE AND ORDERED** this  *22nd*  day of July, 2008

        *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge